IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGE CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:10-CV-360-WKW [WO] |
| ) | |
| WANDA NEWCITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM OPINION AND ORDER**

Pending is Defendant Brett Newcity's motion to set aside entry of default. (Doc. # 12.) Plaintiff George Clark filed a response (Doc. # 15); Defendant filed a reply (Doc. # 18); and the motion is ripe for resolution. For the following reasons, Defendant's motion is due to be granted.

### **I. BACKGROUND**

Plaintiff filed his Complaint (Doc. # 1) against Defendants, Wanda Newcity and Brett Newcity, on April 28, 2010. A summons was issued for Defendant Brett Newcity at his address in Marietta, Georgia on that same day. (Doc. # 2.) The summons was delivered by certified mail and signed for at his address on May 5, 2010. (Doc. # 9, Ex. A.) Defendant, however, did not respond to Plaintiff's Complaint. Pursuant to Plaintiff's amended application for entry of default (Doc. # 9) and Federal Rule of Civil Procedure 55(a), the Clerk of the Court entered a default against Brett Newcity on August 3, 2010. (Doc. # 11.) Defendant then filed a motion to set aside entry of default on August 13, 2010. (Doc. # 12.) In Defendant's motion, counsel for Brett Newcity claims that he was monitoring the court's

case action summary electronically for evidence of service of process, which never appeared. (Doc. # 12 ¶ 4.)

Counsel later acknowledged that his client had in fact been served, and had properly and promptly turned the papers over to his insurer, which also promptly and properly hired counsel for Defendant. (Doc. # 18 ¶ 6.) Counsel knew his client had been served, but because the court's docket entry for May 20, 2010 listed "Mail Returned as Undeliverable," he delayed filing a responsive pleading or otherwise entering an appearance. (Doc. # 12 ¶¶ 4-5.) Therefore, counsel for Brett Newcity "was under the assumption the Court had not received proof of service being perfected on the Defendant [Brett Newcity]." (Doc. # 12 ¶¶ 4-5.) The May 20, 2010 docket entry upon which Defendant's counsel relied stated "Mail Returned as Undeliverable. Summons and complaint sent CMRRR to Wanda Newcity returned with the following notations: Return to sender, unclaimed, unable to forward. Plaintiff's counsel is notified by this entry." (Case Action Summary.) The docket entry in question, as well as the other docket entries, said nothing as to service upon Brett Newcity. After filing his motion to set aside default judgment, Brett Newcity also filed an Answer on August 18, 2010. (Doc. # 14.)

It turns out that no record of service on Brett Newcity was filed with the clerk because of an error by the United States Postal Service in failing to return the certified mail card to the clerk. This error was remedied by Plaintiff in filing, as attached to his renewed motion for entry of default, the evidence of service. (Doc. # 9, Ex. A.) Indeed, there is no dispute that Brett Newcity was duly served, and that his counsel knew it.

2

## II.  DISCUSSION

Federal Rule of Civil Procedure 55(c) allows a court to set aside a clerk's entry of default "for good cause."  Fed. R. Civ. P. 55(c).  The decision to set aside an entry of default is within the discretion of the court.  *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984).  Defaults are not generally favored, and doubts should be resolved in favor of permitting a hearing on the merits.  *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984).

The good cause standard to be applied in setting aside an entry of *default* under Rule 55(c) is more liberal than, and should not be confused with, the standard set out in Federal Rule of Civil Procedure 60(b) for setting aside a default *judgment*.  In setting aside a default judgment, the courts apply an "excusable neglect" standard, which is more rigorous than the "good cause" standard that is utilized in setting aside an entry of default.  *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988).

In applying the good cause standard, the Eleventh Circuit has recognized that while good cause "is not susceptible to a precise formula," there are several general guidelines for courts to use.  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996).  These factors include "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense."  *Id.*  In addition, courts can consider whether the defaulting party acted quickly to correct the entry of default.  *Id.*  "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial

proceedings, the court need make no other findings in denying relief." *Id.* at 951-52 (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194-95 (6th Cir. 1986)).

**A.     Culpable or Willful Default**

From the facts presented, Defendant's default was not culpable or willful. Rather, Defendant's default appears to be the result of mistakes made by his retained counsel that the court declines to impute to Defendant.

First, Defendant Brett Newcity acted properly upon service of process. He signed for the summons on May 5, 2010 (Doc. # 9, Ex. A) and reported the litigation to his insurance provider. Defendant's insurance provider assigned the case to counsel on or around May 27, 2010. (Doc. # 18 ¶ 20.) Because Defendant's Answer was not due until June 5, 2010, Brett Newcity gave his insurance provider and retained counsel ample notice of the pending lawsuit.

Despite notice of the lawsuit, Defendant's counsel chose to monitor the court's Case Action Summary for perfection of service rather than filing a responsive pleading. Because the certified mail card was not returned to the Clerk of the Court, Defendant's perfection of service was not reported on the Case Action Summary. The decision of Defendant's counsel to rely on the Case Action Summary, rather than communicating directly with his client,

First, to determine if counsel's conduct was improper, the court must analyze whether return of service to the court and posting such service on the docket is required for proper service. Under the Federal Rules of Civil Procedure, it is not. Plaintiff may use any method

4

of service allowed in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). The Alabama Rules of Civil Procedure provide for service of process by certified mail. Ala. R. Civ. P. 4(i)(2). The Alabama Rules require that "[t]he clerk shall forthwith enter the fact of mailing on the docket sheet of the action and make a similar entry when the return receipt is received." *Id.* at 4(i)(2)(B). In this case, the Clerk of the Court did not receive the return receipt via certified mail and therefore no docket entry was entered with respect to service on Brett Newcity. The lack of a docket entry concerning return receipt is not fatal to effective service of process, however, because "service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt." *Id.* at 4(i)(2)(C). Because the return receipt was signed on May 5, 2010, service of process was effective under Alabama law on that date. Therefore, counsel's sole reliance on the court's docket to determine perfection of service, rather than direct communication with his own client, was improper under the Federal Rules of Civil Procedure and Alabama Rules of Civil Procedure. raises two questions: (1) was counsel's decision to rely on the Case Action Summary improper, and (2) should such conduct, if improper, be imputed to Defendant, thus rendering his default culpable or willful?

Given that reliance on the court's docket entry alone was improper, the next issue is whether counsel's mistake should be imputed to his client. Given that the default was the result of no mistake of Defendant, the court declines to punish this innocent Defendant. "[C]ourts are chary of dismissing actions on account of attorney inadvertence in non-abusive

5

situations." *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986). Though counsel made a mistake of law that informed his mistaken belief that process had not been served, the equities of the adversarial process, Defendant's right to his day in court, and the liberal good cause standard weigh in favor of finding that Defendant's default was not willful nor culpable.

**B.     Prejudice to Plaintiff**

There is a very low degree of prejudice to Plaintiff in setting aside the default. This case is still in its early stage – discovery has not begun, and there is not a scheduling order in place. *See Hinson v. Webster Indus.*, 240 F.R.D. 687, 693 (M.D. Ala. 2007). Plaintiff has made no other showing of prejudice, and this factor weighs in favor of setting aside the entry of default.

**C.     Defendant's Meritorious Defense**

Defendant has pled a meritorious defense: he contends that he did not fail to stop and that the accident never occurred. (Doc. # 14 ¶ 7.) In his answer (Doc. # 14 ¶ 7), Defendant denies paragraph 7 of Plaintiff's Complaint: "Defendant Bret [sic] Newcity failed to stop behind the Plaintiff and struck the Plaintiff's vehicle in the rear." (Doc. # 1 ¶ 7.) Because Defendant's answer is signed pursuant to Fed. R. Civ. P. 11(b), the court presumes that Defendant's "denials of factual contentions are warranted on the evidence." Fed. R. Civ. P. 11(b)(4). Defendant's contention that he was not involved in an accident with Plaintiff is an absolute defense, so this factor weighs in favor of setting aside the default.

### D.     Defendant's Actions After Entry of Default

Finally, Defendant acted in a prompt manner in filing his motion to set aside entry of default and filing an answer to Plaintiff's Complaint.  *See Hinson*, 240 F.R.D. at 693. Defendant filed his motion to set aside entry of default ten days after the Clerk of the Court's entry of default (Doc. # 12), and filed his answer five days later.  (Doc. # 18.)  Defendant's swift action upon notice of default weighs in favor of setting aside the entry of default.

### III. CONCLUSION

Upon weighing the aforementioned factors and the Eleventh Circuit's strong policy for deciding cases on the merits, *Gulf Coast Fans, Inc.*, 740 F.2d at 1510, the entry of default is due to be set aside for good cause shown.

### IV. ORDER

Accordingly, it is ORDERED that Defendant's motion to set aside entry of Default (Doc. # 12) is GRANTED, and that the entry of default (Doc. # 11) is VACATED. Defendants' motion to dismiss (Doc. # 19) will be considered after Plaintiff has an opportunity to respond.

DONE this 30th day of September, 2010.

/s/ W.  Keith Watkins
UNITED STATES DISTRICT JUDGE